FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 APR -7 PM 3:01

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MICHELLE GAYNOR, | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. |
| v. | ) |
| | )   CV-03-AR-0790-S |
| STARMED HEALTH PERSONNEL, INC. | ) |
| | ) JURY DEMAND |
| Defendants. | ) |
| | ) COLLECTIVE ACTION |

**COLLECTIVE ACTION COMPLAINT
FOR VIOLATION OF 29 U.S.C. §207(a)(1)**

Plaintiff, by her undersigned attorneys, for her Collective Action Complaint against Defendant, allege upon information and belief, except as to the allegations that pertain to the named Plaintiff which is based upon knowledge, as follows:

1. This is an action on behalf of all persons, who are past or current Service Coordinators employed by any or all StarMed Health Personnel, Inc., locations in the United States of America and who are owed overtime compensation from StarMed Health Personnel, Inc. for the period beginning three years prior to the filing of this Collective Action Complaint until the present. During this period, by virtue of StarMed Health Personnel, Inc.'s failure to pay overtime to the Plaintiff and to all other Service Coordinators employed by StarMed Health Personnel, Inc., Defendant has violated and is continuing to

violate the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq*. ("FLSA").

## JURISDICTION AND VENUE

2.   Jurisdiction of this Court is founded in Section 216(b) of the FLSA and Sections 1331 and 1367 of Title 28 of the United States Judicial Code, 28 U.S.C. 1331, 1367.

3.   The claim herein arises under Sections 207(a)(1), 215 and 216 of the FLSA.  In connection with the acts and course of conduct alleged in this Collective Action Complaint, the Plaintiff is engaged in commerce or in the production of goods for commerce.

4.   Venue is proper in this District under Section 1391 of Title 28 of the United States Judicial Code because a substantial part of the acts and conduct charged herein occurred in this District.

## THE PARTIES

5.   Plaintiff, Michelle Gaynor, is a citizen and resident of Jefferson County, Alabama.  Gaynor is a Service Coordinator employed by StarMed Health Personnel, Inc. within the meaning of the FLSA, within the past three years.

6.   Defendant, StarMed Health Personnel, Inc. (hereinafter "StarMed"), is a Delaware corporation with its principal place of business in Clearwater, Florida.  StarMed does business in all fifty states, including Alabama, with over three

thousand locations. StarMed is an employer within the meaning of the FLSA.

### PLAINTIFF'S COLLECTIVE ACTION ALLEGATIONS

7. The named Plaintiff brings this action as a collective action pursuant to Section 216(b) of the FLSA on behalf of herself and all other Service Coordinators employed by StarMed in the United States of America. The named Plaintiff and the Service Coordinators whom the named Plaintiff represents has been victimized by a pattern or policy which is in violation of the FLSA.

8. In addition to the requirements of Section 216(b) of the FLSA, some courts have suggested that the requirements set forth in Rule 23(a) of the Federal Rules of Civil Procedure also be met despite the fact that a collective action under Section 216(b) is not a "traditional" class action. To that end, the Plaintiff asserts as follows:

    (a) Potential members of the "class" are so numerous that joinder of all class members is impracticable. Proceeding as a collective action is a more expeditious method in this matter. It is estimated that the "class" consists of approximately ninety-six hundred (9,600) members.

    (b) The named Plaintiff will fairly and adequately protect the interests of the members of the "class" as there is no antagonism of interests between the named

Plaintiff and the conduct which is alleged on behalf of the "class" as a whole. Furthermore, the named Plaintiff has retained counsel competent and experienced in class actions and complex litigation.

      (c) The named Plaintiff's claim is typical of the claims of the members of the "class" as the named Plaintiff and members of the "class" sustained damages arising out of the same wrongful conduct by the Defendant.

      (d) Defendant engaged in a pattern or practice which was in violation of the FLSA. This pattern or practice is common to all members of the "class". Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts which the liability issues raise.

      (e) Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a collective action.

**FACTUAL ALLEGATIONS**

      9. The Plaintiff, Michelle Gaynor, is a Service Coordinator employed and designated by StarMede as a full-time Service Coordinator. At all relevant times, Gaynor performed the job functions and duties of a Service Coordinator with StarMed.

      10. Plaintiff, Michelle Gaynor, is paid on an hourly basis as a Service Coordinator with StarMed. At all relevant times, Gaynor was paid an hourly rate, which was twelve dollars

and seventy-five cents (12.75) an hour. In all respects, she is treated as, and, in fact, is an hourly employee.

11. As a Service Coordinator with StarMede, Gaynor is required to work in excess of forty (40) hours a week.

12. For hours worked in excess of forty hours during a single work week, the Defendant , StarMed, has failed to pay the Plaintiff one and one-half times her normal hourly rate as requied by the FLSA. On numerous occasions, Gaynor is required to work in excess of forty hours during a single week for which she does not receive overtime compensation as mandated by the FLSA.

13. These illegal and wrongful patterns or practices on the part of StarMed with regard to overtime compensation for Service Coordinators was, and is, in violation of the FLSA and was carried out by StarMed through a system of Branch Managers to whom Plaintiff and all other Service Coordinators reported, directly or indirectly. These Branch Managers knowingly, wilfully or with reckless disregard, carried out StarMed's illegal, wrongful pattern or practice regarding overtime compensation for Service Coordinators.

14. There are numerous Service Coordinators, who are no longer employed with StarMed who worked in excess of forty hours per week, none of whom were paid overtime compensation in compliance with FLSA.

15. Upon information and belief, all other Service Coordinators employed by StarMed are subjected to the same wrongful practices and procedures.

16. At all times relevant to this Complaint, the Plaintiffs were non-exempt employees for purposes of overtime compensation.

## FIRST CLAIM FOR RELIEF

### (FLSA, 29 U.S.C. §§207,216(b))

17. Plaintiffs incorporate herein by reference all of the allegations contained in paragraphs one through sixteen.

18. Defendant's practice of failing to pay overtime compensation as mandated by the FLSA for all work in excess of forty (40) hours to non-exempt employees was, and is, in violation of the FLSA.

19. Plaintiff and all Service Coordinators presently employed by StarMed are entitled to an award of their unpaid overtime compensation (at the rate of one and one-half times their regular pay) for the time period commencing two years prior to the filing of this Collective Action Complaint to the date of any final award of such unpaid overtime compensation. All Service Coordinators previously employed by StarMed in the United States are entitled to an award of their unpaid overtime compensation (at the rate of one and one-half times their regular pay) for the time period commencing two years prior to the filing of this Collective Action Complaint.

20. Additionally, Plaintiff and all Service Coordinators presently employed or employed in the past by StarMed are entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid overtime compensation (as set forth in paragraph 19), as well as prejudgment interest, attorneys' fees and costs, all to be determined at the trial.

WHEREFORE, Plaintiff prays for judgment against the Defendant for herself and for all Service Coordinators similarly situated for unpaid overtime for the two years prior to the filing of this Collective Action Complaint, or for two years prior to the filing of this Complaint to the date of any final award made to them, as the case may be, plus prejudgment interest, compensatory damages, liquidated damages, attorneys' fees, and such other further relief as the Court may deem just and proper.

## SECOND CLAIM FOR RELIEF

**(Willful Violation of FLSA, 29 U.S.C. §§207, 216(b))**

21. Plaintiffs incorporate herein by reference all of the allegations contained in paragraphs one through twenty.

22. Defendant's practice of failing to pay overtime compensation as mandated by the FLSA for all or some work in excess of forty hours to non-exempt Service Coordinators employed by StarMed was and is in violation of the FLSA.

23. Defendant's violations of the FLSA were and are being done wilfully. Defendant either knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

24. Plaintiff and all Service Coordinators presently employed by StarMed are entitled to an award of their unpaid overtime compensation (at the rate of one and one-half times their regular pay) for the time period commencing three years prior to the filing of this Collective Action Complaint to the date of any final award of such unpaid overtime compensation. All Service Coordinators previously employed by StarMed are entitled to an award of their unpaid overtime compensation (at the rate of one and one-half times their regular pay) for the time period commencing three years prior to the filing of this Collective Action Complaint.

25. Additionally, Plaintiff and all Service Coordinators similarly situated are entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid overtime compensation (as set forth in paragraph 24) as well as prejudgment interest, attorneys' fees and costs, all to be determined at the trial.

WHEREFORE, Plaintiff prays for judgment against the Defendant for themselves and for all Service Coordinators similarly situated for unpaid overtime for the three years prior to the filing of the Collective Action Complaint, or for three years prior to the filing of the Complaint to the date of any

final award made to them, as the case may be, prejudgment interest, compensatory damages, liquidated damages, attorneys' fees and for such further relief as the Court may deem just and proper.

_____
Kirby D. Farris (FAR-030)
Attorney for Plaintiff
FARRIS, RILEY & PITT, L.L.P.
Suite 200, Massey Building
2025 Third Avenue North
Birmingham, Alabama  35203
(205) 324-1212


_____
Kenneth E. Riley
Attorney for Plaintiff
FARRIS, RILEY & PITT, L.L.P.
Suite 200, Massey Building
2025 Third Avenue North
Birmingham, Alabama  35203
(205) 324-1212

/s/ John W. Haley
John W. Haley (HAL-005)
Attorney for Plaintiff
HARE, WYNN, NEWELL & NEWTON
Suite 800, Massey Building
2025 Third Avenue North
Birmingham, Alabama 35203
(205) 328-5330

**JURY DEMAND**

The plaintiffs hereby demand a jury for the trial of this cause.

/s/ Kirby D. Farris
Kirby D. Farris

Serve Defendant:

StarMed Health Personnel, Inc.          (Certified Mail)
The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109